IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-585-RJC-DCK

| | |
|---|---|
| CARRA JANE PENEGAR, Executrix of the Estate of JOHNNY RAY PENEGAR, JR., individually and on behalf of others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, VERISK ANALYTICS, INC., and ISO CLAIMS PARTNERS, INC., )<br><br>Defendants. ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Amend" (Document No. 35) filed March 15, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to amend, and direct that the pending motions to dismiss be denied as moot.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile."  Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court."  Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting leave to amend;  therefore, the undersigned will allow Plaintiff to file an Amended Complaint which supersedes the original Complaint.  Furthermore, the undersigned will direct that Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company's (collectively, "Liberty Mutual" or "the Liberty Mutual Defendants") "Motion To Dismiss And Dismiss Or Strike Class Allegations" (Document No. 21) and Verisk Analytics, Inc. and ISO Claims Partners, Inc.'s "Motion To Dismiss And/Or To Dismiss Or Strike The Class Allegations By Verisk Analytics And ISO Claims Partners" (Document No. 23) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.");  see also Fawzy

v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Sys. Emps.' Ret. Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Assocs., Inc., 311 F. App'x 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, as appropriate.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Amend" (Document No. 35) is **GRANTED**. [1]

**IT IS FURTHER ORDERED** that the Liberty Mutual Defendants' "Motion To Dismiss And Dismiss Or Strike Class Allegations" (Document No. 21) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Verisk Analytics, Inc. and ISO Claims Partners, Inc.'s "Motion To Dismiss And/Or To Strike The Class Allegations By Verisk Analytics And ISO Claims Partners" (Document No. 23) is **DENIED AS MOOT**.

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED**.

Signed: April 22, 2021

David C. Keesler
United States Magistrate Judge