IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-585-RJC-DCK

| | |
|---|---|
| CARRA JANE PENEGAR, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, VERISK ANALYTICS, INC., and ISO CLAIMS PARTNERS, INC., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company's "Motion To Dismiss Amended Complaint And Dismiss Or Strike Class Allegations" (Document No. 51) and the "Motion Of Verisk Analytics And ISO Claims Partners To Dismiss First Amended Class Action Complaint" (Document No. 53). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate.

The undersigned has reviewed the parties' briefs and finds that this case presents an interesting and close legal issue regarding Plaintiff's standing. As such, the Court will direct some limited supplemental briefing.

The undersigned is particularly interested in the impact of the "Agreement(s) For Final Compromise Settlement And Release," and related documents attached to Defendant Liberty Mutual's memoranda (Document Nos. 22 and 52), on Plaintiff's standing in this case. Liberty Mutual briefly argues that Plaintiff has released any claims against it and that the parties' agreement, approved by the North Carolina Industrial Commission, establishes that Liberty Mutual

must reimburse the Center for Medicare and Medicaid Services.  <u>See</u> (Document No. 52, pp. 3-4, 9, 11).  Later, Liberty Mutual argues that "Plaintiff does not, and cannot, have an injury-in-fact because she released all of her claims against Liberty Mutual."  (Document No. 62, p. 3).

It does not appear that Plaintiff has adequately addressed this issue.

The Court's decision on the pending motion(s) is likely to be assisted by further briefing on Plaintiff's standing and the applicability of the "…Settlement And Release(s)" to this case. Without some persuasive argument and legal authority from Plaintiff, the undersigned is inclined to take the parties at their word that they "place[d] great importance on the need for finality in [the underlying] litigation" and that Plaintiff intended to release Defendant Liberty Mutual from any further liability related to the underlying workers' compensation claim.

Although the undersigned finds that this case presents some close and interesting legal issues, the undersigned also observes that this entire action could have been avoided by better communication between the parties, counsel, and the Center for Medicare and Medicaid Services. Moreover, the facts and circumstances of this case suggest that it may be a strong candidate for early settlement between the parties.

**IT IS, THEREFORE, ORDERED** that counsel for the parties shall confer via some form of "live" communication such as telephone conference, Teams, or Zoom – regarding the status of the case and the aforementioned issues related to Plaintiff's standing – on or before **February 15, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a supplemental brief of **six (6)** pages or less, on or before **February 18, 2022**.

**IT IS FURTHER ORDERED** that Defendants shall file a supplemental brief of **six (6)** pages or less, on or before **February 22, 2022**.

**SO ORDERED**.

Signed: February 9, 2022

David C. Keesler
United States Magistrate Judge